**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| BMW of NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG, <br><br>    Plaintiff, <br><br> v. <br><br> MINI WORKS, LLC, <br><br>    Defendant. | No. CV-07-1936-PHX-SMM <br><br> **ORDER** |

Pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint (Doc. 10). For the following reasons, the Plaintiffs' motion is **GRANTED**.

Rule 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P.  Here, on November 9, 2007, Defendants filed a document that was titled "Answer," however did not comply with the Federal Rules of Civil Procedure, in terms of a responsive pleading.  It did however request that this Court dismiss the case, essentially acting as a Motion to Dismiss. Therefore, the Court will interpret the November 9, 2007 document as a Motion to Dismiss. For that reason, because no responsive pleading has been served Plaintiff retains an automatic right to amend the pleadings single time.[1]

---

[1] A motion to dismiss is not a responsive pleading within the meaning Rule 15(a). *See e.g., Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198 (9th Cir. 2003).

Even assuming the document filed on November 9th was to be construed as an Answer, despite the fact that it in no way resembles an Answer under the Rules, leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 271 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) ("[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend"). The Court finds that justice so requires that leave be given to amend at this initial stage of litigation. There is no likelihood that prejudice will befall Defendants simply by Plaintiffs' filing of a First Amended Complaint. Furthermore, Plaintiffs' request for leave is not the result of any undue delay or bad faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Proposed First Amended Complaint attached as Doc. 11.

DATED this 18th day of December, 2007.

Stephen M. McNamee
United States District Judge