**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MINI WORKS, LLC; POLE POSITION PARTNERS GROUP, LLC; POLE POSITION USA, LLC; VICTOR BARREIRA; and LINDA SCHARABY, )<br>)<br>Defendants. ) | No. CV 07-1936-PHX-SMM<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 69). Plaintiffs seek to amend their First Amended Complaint to add an additional claim for breach of the implied covenant of good faith and fair dealing against Defendant Mini Works, LLC ("Mini Works"). Defendants Mini Works, Pole Position Partners Group, LLC, Pole Position USA, LLC, Victor Barriera, and Linda Sharaby ("Defendants") oppose the motion (Doc. 77).

**STANDARD OF REVIEW**

Except for amendments made "as a matter of course" or pursuant to stipulation, leave of the Court is required to amend a pleading. Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given when justice so requires." Id. Federal policy strongly favors determination of cases on their merits, thus the policy

1  favoring amendment is to be applied by this Court with "extreme liberality." Eminence
2  Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v.
3  Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)); see Foman v. Davis,
4  371 U.S. 178, 181-82 (1962).

5        Federal Rule of Civil Procedure 15(a)'s liberal policy favoring amendments is
6  subject to some limitations, however. Grant or denial of leave to amend is within the
7  sound discretion of the court. Swanson v. U.S. Forest Service, 87 F.3d 339, 343 (9th Cir.
8  1996). When evaluating whether to grant leave to amend, the court considers whether the
9  amendment 1) would cause prejudice to the opposing party; 2) is sought in bad faith or
10 with dilatory motive; 3) is futile; 4) creates undue delay; or 5) comes after repeated
11 failure to cure deficiencies by previous amendment. Foman, 371 U.S. at 182; Martinez v.
12 Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997), overruled on other grounds by
13 Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001).

14       Although the grant of leave to amend is discretionary, in the absence of any of the
15 Foman factors there is a presumption that leave will be granted. Eminence, 316 F.3d at
16 1052. A denial of leave to amend "without any justifying reason appearing for the denial
17 is not an exercise in discretion." Foman, 371 U.S. at 182. Therefore, unless a reason
18 exists to deny leave to amend, discretion of the Court is not broad enough to permit
19 denial. Where the record fails to indicate the Court's reasons for denial of the motion to
20 amend, reversal is likely. Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 691 (9th Cir.
21 1993).

22       **DISCUSSION**

23       Plaintiffs seeks leave to amend their Complaint to include a new claim for breach
24 of the implied covenant of good faith and fair dealing that arises from the contract
25 underlying their pre-existing breach of contract claim (Doc. 69, 1:22-24). Plaintiffs bring
26 claims for trademark infringement and breach of a July 3, 2007 settlement contract that
27 was allegedly formed when Defendant Mini Works' President, Linda Sharaby,
28 countersigned and returned an agreement that Plaintiffs had sent to Victor Barriera, Mini

1    Works Manager (Doc. 18).  In that agreement, Mini Works agreed "we will (1) promptly
2    drop 'Mini' from our trade name and domain names, [and] (2) cease and desist any and
3    all other trademark uses of BMW's MINI marks, or colorable imitations thereof, on our
4    websites or elsewhere." (Id.)

5    Plaintiffs argue that adding a separate claim for breach of the implied covenant of
6    good faith and fair dealing would not prejudice Mini Works because this amendment
7    comes well in advance of trial while discovery is still ongoing (Doc. 69, 3:19-24).  The
8    proposed claim involves the same transactions and events as the existing breach of
9    contract claim, and thus, will require no new discovery by the parties (Id.).  Additionally,
10   Plaintiffs assert that they are seeking leave to amend in a timely manner and in good faith
11   (Id. 4:8-10).  The transcript for Victor Barriera's deposition only became available two
12   days prior to the filing of the instant motion to amend (Id.).

13   In response, Defendants contend that Plaintiffs' proposed amendment is futile for
14   two reasons.  First, Plaintiffs' First and Second Amended Complaints allege that only
15   Mini Works entered into a contract with Plaintiffs (Doc. 77, 3:13-19).  The remaining
16   Defendants cannot be held liable for breaching the implied covenant of good faith and fair
17   dealing for a contract to which they were not parties (Id. 3:20-24).  As a result,
18   Defendants contend that Plaintiffs' proposed amendment should be denied as futile (Id.
19   3:24-25).  Second, Defendant argue that no valid contract was created between Plaintiffs
20   and Mini Works. (Id. 4:9-11)  In the July 14, 2007 letter to Mini Works, Plaintiffs stated
21   that the requested acknowledgment should be countersigned and returned by June 21,
22   2007 (Id. 4:1-5).  However, Mini Works did not execute and return the acknowledgment
23   until July 3, 2007 (Id. 4:5-8).  Mini Works had no power to accept Plaintiffs' offer after
24   June 21, 2007, and thus, no contract was formed (Id. 4:9-11).

25   Despite Rule 15's liberal policy in favor of granting leave to amend a pleading,
26   such leave should not be given when the amendment is futile.  Foman, 37 U.S. at 182.
27   A proposed amendment is "futile" only if no set of facts can be proven under the
28   amendment which would constitute a valid claim or defense.  Miller v. Rykoff-Sexton,

- 3 -

1 Inc., 845 F.2d 209 (9th Cir. 1988); Baker v. Pac. Far East Lines, Inc., 451 F. Supp. 84, 89
2 (N.D. Cal. 1978).

3       The Court disagrees that Plaintiffs' proposed amendment is futile.  First, Plaintiffs'
4 claim for breach of the implied covenant of good faith and fair dealing is not applicable to
5 all Defendants, as Defendants argue, but rather only to Mini Works (Doc. 18, ¶¶ 77-78).
6 Indeed, the language of the Second Amended Complaint specifically states that
7 "Defendant **Mini Works** has breached the covenant of good faith and fair dealing under
8 the parties' July 3, 2007 contract" (emphasis added) (Id. ¶ 77).  The immediately
9 following paragraph under this claim reads:

> Defendant's breach has denied Plaintiffs the benefits of Mini Works and its personnel ceasing use of 'MINI in [their] trade name and domain names' and 'all other trademark uses of BMW's MINI marks, or colorable imitations thereof, on [their] websites or elsewhere' and thereby damaged Plaintiffs.

13 (Id. ¶ 78).  This paragraph can be read in context to refer also to Mini Works, not to all
14 the Defendants in the case.  The language quoted is directly from the cease and desist
15 letter sent to Mini Works on June 14, 2008.  Furthermore, Plaintiffs confirm in their
16 Reply that the claim is sought against Mini Works alone (Doc. 78, 2:12-14).

17       Second, Defendant argue that no valid contract was created between Plaintiffs and
18 Mini Works (Doc. 77, 4:9-11).  Thus, the complaint should not be amended to add the
19 new claim for breach of the implied covenant of good faith and fair dealing because such
20 a covenant implies the existence of a valid contract (Id. 3:13-14).  Defendants' arguments
21 regarding the existence of a valid contract goes to the parties' respective claims and
22 defenses on the breach of contract claim.  Defendants are free to present a defense to the
23 breach of contract claim, and thus, the Court will allow the amendment.  The amendment
24 is not futile because there is no evidence that <u>no</u> set of facts can be proven under the
25 amendment which would constitute a valid claim or defense.

26       Accordingly,

27       **IT IS HEREBY ORDERED GRANTING** Plaintiff's Motion for Leave to File
28 Second Amended Complaint (Doc. 69).

- 4 -

1    **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiffs'
2 Second Amended Complaint (Doc. 70).
3    DATED this 9th day of March, 2009.

Stephen M. McNamee
United States District Judge